**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

Ann Naluwu, individually, ) Case No.
)
Plaintiff, )
)
vs. )
)
Tom Ridge, Secretary of the United States ) **04-11882 RWZ**
Department of Homeland Security, )
)
Defendant. )
) MAGISTRATE JUDGE _____
)

**COMPLAINT FOR DECLARATORY RELIEF
IN THE NATURE OF MANDAMUS**

COME NOW Ann Naluwu, Plaintiff in the above-styled and numbered cause, and for cause of action would show unto the Court the following:

### I.    INTRODUCTION

1. This action is brought against Defendant to compel action on Plaintiff's Asylum Application. The application was filed on or about August 15, 2002 and remains within the jurisdiction of the Defendant, who has improperly withheld action on said application to Plaintiff's detriment. The Plaintiff's Alien Number is A95866868.

2. This action is an individual action for declaratory and mandatory relief, pursuant to the Declaratory Judgment Act, 28 U.S.C. Section 1361, and the Administrative Procedure Act, et seq. This action respectfully requests that the United States Department of Homeland Security (DHS) finalize a decision in response to the Asylum Application filed by Ann Naluwu. Under current policy and procedure, the DHS decides whether or not to grant asylum within 30 to 60 days of filing, but no more than 150 days from filing. Ms. Naluwu has not received a final determination in more than two years.

-1-

RECEIPT # 58302
AMOUNT $ 150
SUMMONS ISSUED 3
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 8-30-04

## II.  JURISDICTION

3. This Court has jurisdiction over the present action pursuant to 28 U.S.C. Section 1331, Federal Question Jurisdiction; 28 U.S.C. Section 2201, the Declaratory Judgment Act; 5 U.S.C. Section 701 et. seq., the Administrative Procedures Act; 28 U.S.C. Section 1361, compelling an officer of the United States to perform his duty; and 8 U.S.C. Section 1329, of the Immigration and Nationality Act, providing for jurisdiction of this court over actions arising under said Act. Relief is requested pursuant to said statutes.

## III.  VENUE

4. Venue is proper in this court, pursuant to 28 U.S.C. Section 1391(e), as amended. Section 1391(e) provides that in a civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or any agency of the United States, the action may be brought in any judicial court in which a defendant in the action resides and where a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred. The DHS is an agency which operates within this district. Furthermore, Plaintiff's application for Asylum was properly filed and, to Plaintiff's knowledge, remains pending with the DHS. Her asylum interview was in Boston and her permanent home is in Boston.

## IV.  PLAINTIFF

5. Plaintiff Ann Naluwu is a 30 year old native citizen of Uganda. Ms. Naluwu was a teacher in Uganda. She entered the United States on September 15, 1999 to flee the Ugandan government, which falsely accused Ms. Naluwu of training her students to be rebels. The Ugandan government subsequently tortured, sexually abused and detained her. Fearing for her own life and the well being of her loved ones, Plaintiff fled to the United States.

## V. DEFENDANT

6. The Department of Homeland Security (DHS) was organized to: prevent and deter terrorist attacks; ensure safe and secure borders; welcome lawful immigrants and visitors; and promote the free-flow of commerce. It is charged with responsibility for all Asylum matters.

7. Tom Ridge is the Secretary of the United States Department of Homeland Security.

8. The Newark Asylum Office of the DHS office has not finalized a decision with respect to Plaintiff's Asylum Application despite this application having been pending for more than two years, and despite the fact that DHS assured Plaintiff that her circumstances warrant asylum status. DHS has sent a "conditional" approval, but such a status is meaningless and does not constitute a final determination.

## VI. EXHAUSTION OF REMEDIES

9. Plaintiff has exhausted her administrative remedies. Plaintiff has, through her attorney, made numerous inquiries concerning the status of the application but to no avail.

## VII. CAUSE OF ACTION

10. Ann Naluwu is an applicant for Asylum and Withholding of Removal, pursuant to Section 241(b)(3) of the Immigration and Nationality Act (INA), as amended. In order to qualify for asylum, an applicant must establish that he or she is a refugee. A refugee is a person who is unable or unwilling to return to his or her country of nationality because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. In order to qualify for withholding of removal, you must establish that it is more likely than not that you would be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion, in the proposed country of removal pursuant to Section 241(b)(3) of the UNA, as amended.

11. Ann Naluwu submitted her Application for Asylum and for Withholding of Removal, Form I-589 in August 2002.

12. The evidence in this case overwhelmingly shows that Plaintiff Ann Naluwu is a refugee who was persecuted, abused, raped and detained by the Ugandan government and that she will likely be persecuted again should she return to her home country. She will be persecuted for her alleged political opinion. Plaintiff Naluwu, despite the false allegations by her Ugandan rapists and persecutors, made purposely to cause fear among the Ugandan people, has no affiliation with any rebel group whatsoever.

13. On November 19, 2002, Plaintiff was interviewed in Boston, Massachusetts by a representative of the DHS. After listening to Plaintiff's case and apparently finding her story credible, the DHS assured Ms. Naluwu and her attorney that the DHS would make a decision in two weeks. After several months of waiting for a decision and making calls to DHS, the DHS acknowledged that her case is "at headquarters awaiting investigation". For more than one year, the Plaintiff waited patiently for her file to go through this "investigation", but still nothing happened. In 2004, Plaintiff's attorney called DHS and spoke to the Director of the Newark Asylum Office, who stated that this was out of her hands. Plaintiff's attorney then wrote to DHS threatening to file a Mandamus Action unless DHS adjudicated the asylum application. DHS responded by calling Plaintiff's attorney and stating that they know this is long overdue but that the file was still at headquarters awaiting investigation. DHS admitted that few cases actually come back from investigations. But DHS promised to try to expedite this. Shortly thereafter, DHS informed Plaintiff that it "will be granting asylum" in the future when the case is finished in investigations, as long as there are no adverse findings about the alleged activity with a rebel group.

14. Plaintiff is entitled to a final definitive response from the DHS within 30 to 60 days of filing—but no more than 150 days after filing for asylum, but has not received a response in more than two years. Defendant's refusal to respond to Plaintiff's request for asylum is, as a matter of law, arbitrary and not in accordance with the law. Defendants willfully, and

unreasonably, have delayed in and have refused to, process and approve Plaintiff's applications, thereby depriving Plaintiff of the right to a decision and the peace of mind to which Plaintiff is entitled.

15. Plaintiff has been damaged by being deprived of the status of Asylee, which brings many benefits, including the right to file for lawful permanent residence and the right to bring her child to the U.S. to join her. Plaintiff is entitled to a finalized approval of her application as was initially promised and which is required by law. **Plaintiff implores the Defendant to approve the asylum status now. If their investigation ever turns up any negative information about the Plaintiff being involved in terrorist or rebel activities, which it will not, then the Defendant can always take the asylum status away.**

### VIII. PRAYER

16. WHEREFORE, in view of the arguments and authority noted herein, Plaintiff respectfully prays that the Defendant be cited to appear herein and that, upon due consideration, the Court enter an order to:

a) Compel Defendant and those acting under him to perform their duty to act upon the Asylum Application by adjudicating Plaintiff's asylum status;

b) Order Defendant to pay Plaintiff's costs, filing fees, and legal fees for this action; and

c) Grant such other relief at law and in equity as justice may require.

Dated this 18 day of August, 2004

Jeffrey W. Goldman, BBO #548056
TESTA, HURWITZ & THIBEAULT, LLP
125 High Street
Boston, MA 02110
Phone: (617) 310-8217
Fax: (617) 790-0165

Certificate of Service

I, Jeffrey W. Goldman, attorney for the Plaintiff, hereby certify that on this 27th day of August, 2004, I caused a true copy of the foregoing to be served on all counsel of record via first-class mail, postage pre-paid.

Jeffrey W. Goldman

GOLDMAJW\7570\19.3093666_2

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ANN NALUWU, INDIVIDUALLY

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

JEFFREY W. GOLDMAN, ESQ.
TESTA, HURWITZ & THIBEAULT, LLP
125 HIGH STREET, BOSTON, MA 02110 - (617) 310-8217

## DEFENDANTS

TOM RIDGE, SECRETARY OF THE UNITED STATES DEPARTMENT OF HOMELAND SECURITY

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**04-11882 RWZ**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act / ☐ 865 RSI (405(g)) | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | Habeas Corpus: ☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights / ☐ 555 Prison Condition | | ☐ 871 IRS—Third Party 26 USC 7609 / ☐ 950 Constitutionality of State Statutes / ☒ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. §1361

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____     DOCKET NUMBER _____

DATE  8/27/04

SIGNATURE OF ATTORNEY OF RECORD  x _____

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Naluwu v. Ridge__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   __None__

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES      (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES      (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES      NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES      (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   (YES)     NO

   A.  IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
       (EASTERN DIVISION)    CENTRAL DIVISION    WESTERN DIVISION

   B.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
       EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Jeffrey W. Goldman__
ADDRESS __Testa Hurwitz + Thibeault, 125 High St, Boston, MA 02110__
TELEPHONE NO. __617-310-8217__

(Cover sheet local.wpd - 11/27/00)